**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION**

| | |
|---|---|
| M.J. RESURRECTION, INC.<br>d/b/a FW Warehousing d/b/a FW Logistics,<br>an Illinois corporation,<br><br>  Plaintiff,<br><br>vs.<br><br>BUTTERBALL, LLC, a North Carolina<br>limited liability company,<br>Serve: Corporation Service Company<br>   Registered Agent<br>   2626 Glenwood, Ave., Suite 550<br>   Raleigh, NC 27608<br>   **HOLD SERVICE**<br><br>  Defendant. | Case No. 4:20-cv-1011<br><br>JURY TRIAL DEMANDED |

## COMPLAINT

COMES NOW M.J. Resurrection, Inc. d/b/a FW Warehousing d/b/a FW Logistics, by and through its undersigned attorneys, and for its Complaint against Butterball, LLC ("Complaint") states as follows:

1. Plaintiff M.J. Resurrection, Inc. d/b/a FW Warehousing d/b/a FW Logistics ("FW Warehousing" or "Plaintiff") is an Illinois corporation with its principal place of business in St. Clair County, State of Illinois, and another place of business located at 1100 East Parkway, Memphis, Tennessee 38114 (the "Memphis Warehouse"). FW Warehousing provides warehousing and logistics services to clients nationwide.

2. Defendant Butterball LLC ("Defendant") is a North Carolina limited liability company with its principal place of business in State of North Carolina.

1

3. Upon information and belief, Defendant's members are Maxwell Farms, LLC and Seaboard Corporation.

4. Upon information and belief, Maxwell Farms, LLC is a North Carolina limited liability company with its principal place of business in the State of North Carolina. Upon information and belief, Maxwell Farms, LLC's sole member is Goldsboro Milling Company. Upon information and belief, Goldsboro Milling Company is a North Carolina corporation with its principal place of business in the State of North Carolina.

5. Upon information and belief, Seaboard Corporation is a Delaware corporation with its principal place of business in the State of Kansas.

6. FW Warehousing is a citizen of the State of Illinois.

7. Upon information and belief, Defendant's members are residents of and citizens of the States of North Carolina, Delaware, and Kansas.

8. This Court has subject matter jurisdiction over this case based on diversity of citizenship pursuant to 28 U.S.C. § 1332, because FW Warehousing and Defendant are citizens of different states and the amount in controversy exceeds $75,000.00, exclusive of interest and costs.

9. FW Warehousing and Defendant are parties to that certain Warehouse Services Agreement dated January 14, 2020 (the "WSA"), a true and correct copy of which is attached hereto as Exhibit 1 and incorporated herein by reference.

10. Personal jurisdiction and venue are proper in this Court pursuant to the agreement of the parties as expressed in Paragraph 8.11 of the WSA. (See Exhibit 1 ¶ 8.11.)

11. The WSA and any claim or dispute arising out of or related to it or the transactions contemplated by it are governed by and are to be construed in accordance with the laws of the State of Missouri.  (See Exhibit 1 ¶ 8.10.)

12. Pursuant to the WSA, Defendant agreed to purchase, and FW Warehousing agreed to supply, public warehousing services for Defendant's products at the Memphis Warehouse for an initial one-year term commencing January 15, 2020.  (See generally Exhibit 1 ¶¶ 1.1, 2.1, 2.2, and Exhibits A and C.)

13. Pursuant to the WSA, Defendant agreed to pay the prices and rates described in Paragraph 2.3 and Exhibits A, B, and C of the WSA, including a Guaranteed Storage Charge.  (See generally Exhibit 1 ¶ 2.3 and Exhibits A, B, and C; see also ¶ 1.4.)

14. Pursuant to the WSA, FW Warehousing was to submit invoices for its charges to Defendant, and Defendant agreed to pay said invoices within thirty (30) days of receipt by Defendant.  (Exhibit 1 ¶ 2.3.)

15. Pursuant to the WSA, Defendant agreed that invoices not paid within thirty (30) days of receipt would be assessed interest at the rate of two and one-half percent (2.5%) per month.  (Id.)

16. Defendant utilized FW Warehousing's warehousing services from on or about January 15, 2020, until the present.

17. During said period, FW Warehousing sent invoices to Defendant for services rendered ("Warehousing Fees") on a regular basis, including the following invoices:

| Invoice | Invoice Date | Invoice Amount |
|---|---|---|
| T1-314 | 3/8/2020 | $5,050.39 |
| T1-352 | 3/31/2020 | $707.80 |
| T1-353 | 3/31/2020 | $78,720.50 |
| RST1-81 | 4/1/2020 | $22,779.50 |
| T1-363 | 4/12/2020 | $609.00 |

| | | |
|---|---|---|
| T1-376 | 4/12/2020 | $737.33 |
| T1-378 | 4/19/2020 | $2,008.21 |
| T1-393 | 4/26/2020 | $3,055.85 |
| T1-424 | 5/10/2020 | $8,874.00 |
| T1-434 | 5/17/2020 | $15,405.39 |
| T1-446 | 5/24/2020 | $4,882.31 |
| T1-467 | 5/31/2020 | $181,380.50 |
| RST1-112 | 6/1/2020 | $36,119.50 |
| T1-471 | 6/7/2020 | $3,820.59 |
| T1-483 | 6/14/2020 | $4,343.33 |
| T1-497 | 6/21/2020 | $13,708.62 |
| T1-504 | 6/28/2020 | $13,074.25 |
| T1-513 | 6/30/2020 | $10,069.88 |
| RST1-131 | 7/1/2020 | $45,008.00 |
| T1-520 | 7/1/2020 | $173,708.31 |
| T1-522 | 7/5/2020 | $3,220.80 |
| T1-531 | 7/12/2020 | $9,123.31 |
| T1-542 | 7/19/2020 | $5,456.96 |
| T1-554 | 7/26/2020 | $1,392.00 |
| | **Total** | **$643,256.33** |

True and correct copies of these invoices (the "Unpaid Invoices") are attached hereto as Exhibit 2 and incorporated herein by reference.

18. Defendant has not paid the Warehousing Fees described on the Unpaid Invoices.

19. As of the date of this filing, the twenty (20) oldest Unpaid Invoices are more than thirty (30) days past due.

20. FW Warehousing has made demand for payment of the Unpaid Invoices, but Defendant has not paid. A true and correct copy of a letter to Tim Thomas, Butterball, LLC, dated July 2, 2020, is attached hereto as Exhibit 3 and incorporated herein by reference.

21. Upon information and belief, Defendant does not intend to pay the other Unpaid Invoices as they come due nor future invoices yet to be issued.

## COUNT I – BREACH OF CONTRACT

22. Plaintiff realleges and incorporates herein each and every allegation contained in paragraphs 1–21 of its Complaint.

23. Defendant agreed to pay FW Warehousing the prices and rates stated in the WSA for the public warehousing services described in the WSA.

24. FW Warehousing performed all conditions precedent to Defendant's obligation to pay the prices and rates for the public warehousing services.

25. Defendant breached the WSA by failing to pay the Unpaid Invoices.

26. There is now due and owing the sum of $643,256.33 plus interest accrued to FW Warehousing.

27. FW Warehousing has demanded payment, but Defendant has not paid the sum due and owing.

WHEREFORE, Plaintiff prays that the Court enter judgment in Plaintiff's favor; award Plaintiff its damages, including pre-judgment interest at two and one-half percent (2.5%) per month, reasonable attorney fees and expenses, costs of collection, post-judgment interest at two and one-half percent (2.5%) per month, and court costs; and grant such other and further relief as the Court deems just and proper.

## COUNT II – ACTION ON ACCOUNT

28. Plaintiff realleges and incorporates herein each and every allegation contained in paragraphs 1–27 of its Complaint.

29. Defendant requested that FW Warehousing furnish warehousing services to Defendant.

30. FW Warehousing accepted the request and furnished the services requested.

31. FW Warehousing's charges of $643,256.33 for those services were reasonable.

5

32. FW Warehousing's charges have not been paid in that there is a balance due and owing of $643,256.33.

WHEREFORE, Plaintiff prays that the Court enter judgment in Plaintiff's favor; award Plaintiff its damages, including pre-judgment interest at two and one-half percent (2.5%) per month, reasonable attorney fees and expenses, costs of collection, post-judgment interest at two and one-half percent (2.5%) per month, and court costs; and grant such other and further relief as the Court deems just and proper.

### COUNT III – QUANTUM MERUIT

33. Plaintiff realleges and incorporates herein each and every allegation contained in paragraphs 1–32 of its Complaint.

34. Defendant requested that FW Warehousing furnish warehousing services to Defendant.

35. FW Warehousing accepted the request and furnished the services requested.

36. FW Warehousing's charges of $643,256.33 for those services were reasonable.

37. FW Warehousing has demanded payment of the balance due of the charges.

38. Despite demand, Defendant has failed and refused to pay the balance due of FW Warehousing's charges in the amount of $643,256.33, plus interest accrued.

WHEREFORE, Plaintiff prays that the Court enter judgment in Plaintiff's favor; award Plaintiff its damages, including pre-judgment interest at two and one-half percent (2.5%) per month, reasonable attorney fees and expenses, costs of collection, post-judgment interest at two and one-half percent (2.5%) per month, and court costs; and grant such other and further relief as the Court deems just and proper.

Respectfully submitted,

AEGIS LAW


By  _____*/s/ Jeffrey L. Wax*_____
     Jeffrey L. Wax, # 56575 (MO)
     601 S. Lindbergh Blvd.
     Frontenac, MO 63131
     (314) 454-9100
     (314) 454-9110 (fax)
     jwax@aegislaw.com
Attorney for Plaintiff M.J. Resurrection, Inc.
d/b/a FW Warehousing d/b/a FW Logistics

7